# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| AMANDA JOYCE TYLER,            ) | |
|                                ) | |
|     **Claimant,**     ) | |
|                                ) | |
| vs.                            ) | Case No. 4:14-CV-1849-CLS |
|                                ) | |
| CAROLYN W. COLVIN, Acting      ) | |
| Commissioner, Social Security  ) | |
| Administration,                ) | |
|                                ) | |
|     **Defendant.**    ) | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Amanda Joyce Tyler, commenced this action on September 29, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated the medical evidence from both treating and non-treating physicians. Upon review of the record, the court concludes that there is merit to claimant's argument that the ALJ improperly considered the opinion of Dr. Robert A. Storjohann, the consultative psychological examiner. Remand is warranted for further consideration of that opinion.

Social Security regulations provide that, in considering what weight to give any medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Storjohann completed a "Report of Psychological Evaluation" at the request of the Social Security Administration on February 1, 2011. Claimant reported

experiencing problems with anxiety, worry, and depression "for as long as she can recall."[1] Her physical health problems exacerbated her mental health condition, and she had been treated with psychotropic medications. She reported the following symptoms:

> severely depressed mood, sleep disturbance in the form of recurrent awakenings, variable appetite, social withdrawal and isolation, irritability, low frustration tolerance, low energy, chronic fatigue, loss of interest, some loss of pleasure, loss of libido, crying spells, feelings of guilt, helplessness, hopelessness, and worthlessness, and low self-esteem.[2]

She denied any suicidal or assaultive ideation, hallucinations, delusions, or manic episodes.[3] Claimant also reported

> anxiety, nervousness, tension, being restless and on edge most of the time, thought ruminations, racing thoughts, constant worry which she cannot control, some problems with attention and concentration, some difficulty thinking clearly and making decisions, and some short-term memory difficulties. She indicated that she has been experiencing panic attacks for the past four to five years. They presently occur on the average of twice per week but are always in response to stress, upset, or worry. As such they are part of her generalized anxiety problems rather than being a discrete panic disorder. Her panic attacks are symptomatized by the following: shortness of breath, smothering, occasional hyperventilation, shaking, dizziness, nausea, hot flashes, tachycardia, sweating, and a fear of losing control and going crazy.[4]

Claimant's medications helped her "to sleep better and to be less anxious, and to have

---

[1] Tr. 625.
[2] Tr. 626.
[3] *Id.*
[4] *Id.*

less frequent panic attacks, and to be slightly less depressed."[5]

During the examination, claimant appeared to be in pain and discomfort, and "[h]er demeanor was that of being very dysphoric, despondent, forlorn, withdrawn, restless, and ill-at-ease."[6] Her speech was normal, but her mood was "severely depressed, very anxious, and quite tense."[7] Claimant was able to perform simple mathematical calculations, and to spell "world" both backward and forward. Her recent and remote memory were intact. She was able to name the current and immediate past Presidents, but not the current Governor of Alabama. She could name the capital of Alabama, two states that border of Alabama, and the number of months in a year, but she did not know the number of weeks in a year. Claimant could identify similarities between simple paired objects and interpret simple proverbs. Her thoughts and speech were logical, coherent, and goal-directed, without any loose associations or confusions. She exhibited no hallucinations or delusions. Her judgment and insight were grossly intact. She would be able to make simple work decisions and manage her own financial affairs with some assistance. Dr. Storjohann did not perform intelligence testing, but he estimated claimant's intellectual functioning to fall within the low average to upper borderline range.[8]

---

[5] *Id.*

[6] Tr. 627 (alteration supplied).

[7] *Id.*

[8] *Id.*

Dr. Storjohann assessed claimant with major depression, recurrent, severe, without psychotic features, chronic, and generalized anxiety disorder with panic attacks. He assigned a GAF score of 45, indicating serious symptoms. Dr. Storjohann considered claimant's prognosis over the next six to twelve months to be "extremely poor given her multiple health problems, her chronic pain, and the chronicity and severity of her psychiatric difficulties. She is in need of mental health treatment."[9] With regard to the vocational effects of claimant's mental condition, Dr. Storjohann stated that plaintiff "appears to have moderate to marked deficits in her ability to understand, carry out, and remember instructions in a work setting. She appears to have marked deficits in her ability to respond appropriately to supervision, coworkers, and work pressures in a work setting."[10]

The ALJ mentioned Dr. Storjohann's assessment in his *summary* of the medical findings,[11] but he did not state the weight he afforded to Dr. Storjohann's opinions, or even mention the assessment at all in his *discussion* of the medical findings. The Eleventh Circuit has held that

> the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (*per curiam*). "In the absence of such a statement, it is impossible for a reviewing court to determine whether

---

[9] *Id.*
[10] Tr. 628.
[11] Tr. 20.

5

> the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (*per curiam*). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)) (internal quotation marks omitted).

*Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011) (alteration in original).

The Commissioner does not dispute that legal truth, but she nonetheless argues that the ALJ's failure to state the weight afforded to Dr. Storjohann's assessment should be overlooked because it constitutes harmless error. The court disagrees. The ALJ found that claimant had the residual functional capacity to perform a limited range of sedentary work, and he accounted for claimant's mental condition by limiting her to "simple repetitive routine with one to three step tasks in a low stress job, defined as having only occasional decision making, changes in the work setting, and interaction with coworkers, while having no interaction with the public."[12] Dr. Storjohann's findings of up to marked deficits in claimant's ability to adhere to the mental demands of the workplace could be inconsistent with the ALJ's residual

---

[12] Tr. 16-17.

functional capacity finding. At the very least, the ALJ should be required to explain the weight he afforded Dr. Storjohann's opinion, and whether that opinion supports or contradicts the residual functional capacity finding.

Based on the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

DONE this 11th day of June, 2015.

							_____
							United States District Judge